UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN MANUEL FLORES<br>*Plaintiff*<br><br>v.<br><br>LG CHEM, LTD., AND LG CHEM AMERICA, INC.<br>*Defendant* | Civil Action No. 1:16-cv-00297<br><br>JURY DEMANDED |

## **LG CHEM, LTD.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

LG Chem, Ltd. answer's Plaintiff's Original Complaint as follows:

### **Parties**

1.1     LG Chem, Ltd. is without information sufficient to admit or deny the allegations in Paragraph 1.1 of Plaintiff's Original Complaint and for that reason denies the allegations.

1.2     LG Chem, Ltd. admits that it is a Korean Company, has been sued in the case and has appeared. LG Chem, Ltd. denies as untrue all other allegations in paragraph 1.2.

1.3     LG Chem, Ltd. neither admits nor denies the allegations in Paragraph 1.3 for the reason that those allegations are inapplicable to LG Chem, Ltd.

### **Jurisdiction and Venue**

2.1     LG Chem, Ltd. admits that it has been sued and is subject to the jurisdiction of the Court in this particular action. LG Chem, Ltd. denies as untrue the allegation that it is subject to general personal jurisdiction in the state of Texas. LG Chem, Ltd. denies as untrue all allegations in paragraph 2.1 that it has not expressly admitted.

2.2     LG Chem, Ltd. admits that it has designed and manufactured lithium ion batteries. LG Chem, Ltd. denies as untrue the allegation that it manufactured and sold the lithium ion

battery at issue in this lawsuit.  LG Chem, Ltd. denies as untrue all allegations in Paragraph 2.2 that it has not expressly admitted.

2.3     LG Chem, Ltd. denies as untrue the allegations in paragraph 2.3 of Plaintiff's Complaint.

2.4     LG Chem, Ltd. is without information sufficient to admit or deny the allegations in paragraph 2.4 of Plaintiff's Complaint and for that reason denies the those allegations.

## Facts

3.1     LG Chem, Ltd. denies as untrue the allegations paragraph 3.1 of Plaintiff's Complaint.

3.2     LG Chem, Ltd. denies as untrue the allegations paragraph 3.2 of Plaintiff's Complaint.

3.3     LG Chem, Ltd. denies as untrue the allegations paragraph 3.3 of Plaintiff's Complaint.

3.4     LG Chem, Ltd. denies as untrue the allegations paragraph 3.4 of Plaintiff's Complaint.

3.5     LG Chem, Ltd. is without information sufficient to admit or deny the allegations in Paragraph 3.5 of Plaintiff's Complaint and for that reason denies those allegations.

3.6     LG Chem, Ltd. is without information sufficient to admit or deny the allegations in Paragraph 3.6 of Plaintiff's Complaint and for that reason denies those allegations.

## Causes of Action

4.1     LG Chem, Ltd. denies as untrue all allegations in Paragraph 4.1 of Plaintiff's Complaint.

4.2     LG Chem, Ltd. denies as untrue all allegations in Paragraph 4.2 of Plaintiff's Complaint.

## Damages

5.1     LG Chem, Ltd. is without information sufficient to admit or deny Plaintiff's allegations as to the existence of Plaintiff's damages and for that reason denies those allegations. LG Chem, Ltd., however, denies as untrue the allegation that its negligence or any product that it designed, manufactured or marketed is the direct, proximate or producing cause of any injuries sustained by Plaintiff. LG Chem, Ltd. denies as untrue all other allegations in paragraph 5.1 that it has not expressly addressed.

5.2     LG Chem, Ltd. does not dispute that the amount in controversy meets the Court's jurisdictional minimum. LG Chem, Ltd., however, denies as untrue all other allegations in paragraph 5.2 of Plaintiff's Complaint, including any allegation that its negligence or any product that it designed, manufactured or marketed is the direct proximate or producing cause of any injuries sustained by Plaintiff or that it LG Chem, Ltd. is responsible, in any manner, for Plaintiff's alleged damages.

5.3     LG Chem, Ltd. denies as untrue the allegation s in paragraph 5.3 of Plaintiff's Complaint.

## Affirmative Defenses

LG Chem, Ltd. pleads the following affirmative defenses:

1.      Plaintiff's injuries, if any, are the result of his own negligence, in whole or in part.

2.      Plaintiff's injuries, if any, are the result of an intervening, superseding or new and independent cause which destroys the causal connection, if any, between LG Chem, Ltd.'s alleged acts or product and Plaintiff's injuries, if any.

3. Events other than those set in motion by LG Chem, Ltd. are the sole proximate cause of Plaintiff's injuries, if any.

4. Plaintiff's injuries, if any, are the result of unintended, unexpected and/or abnormal use or misuse of the product complained of.

5. Plaintiff's injuries, if any, are the result of the alteration or modification of the product complained of.

6. Plaintiff has failed to mitigate his damages.

7. The body of knowledge in the scientific, medical and industrial communities (i.e. "the state of the art") does not recognize the risk of any injury connected with the sale, use manufacture or distribution of the product complained of.

8. To the extent it is required to do so, LG Chem, Ltd. invokes Chapter 33 of the Texas Civil Practice & Remedies Code and demands that the responsibility for Plaintiff's injuries, if any, be apportioned in compliance with the provisions of that statute.

9. To the extent it is required to do so, LG Chem, Ltd. invokes Chapter 41 of the Texas Civil Practice & Remedies Code, including the requirement of proof by clear and convincing evidence and the limitations on an award of exemplary damages set forth therein.

10. Any recovery of exemplary (punitive damages) is subject to the limitations and protections in the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution and in the Texas Constitution.

11. To the extent it is required to do so, LG Chem, Ltd. invokes the requirements and limitations set forth in Chapter 82 of the Texas Civil Practice & Remedies Code.

WHEREFORE, LG Chem, Ltd. requests the Court to enter judgment in its favor and against Plaintiff, to award it its costs of court and to grant it all other relief to which it may be entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: */s/ Sean Higgins*
SEAN HIGGINS
SBOT: 24001220
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (fax)
sean.higgins@lewisbrisbois.com
ATTORNEY FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all parties and/or counsel through ECF pursuant to the Federal Rules of Civil Procedure on this 20th day of March 2017.

MICHAEL J. BLANCHARD
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone (210) 941-1301
Fax (956) 504-3674

*/s/ Sean Higgins*
Sean Higgins