UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN MANUEL FLORES<br><br>VS.<br><br>LG CHEM, LTD. AND LG CHEM<br>AMERICA, INC. | C.A. No.: 1:16-cv-297<br><br>JURY DEMANDED |

PLAINTIFF'S FIRST SUPPLEMENTAL
INITIAL DISCLOSURES AND EXPERT DESIGNATION

To:    Defendant LG Chem, Ltd., by and through its attorney of record:

       Sean Higgins
       LEWIS BRISBOIS BISGAARD &SMITH, LLP
       24 Greenway Plaza
       Suite 1400
       Houston, TX 77046

       Pursuant to Federal Rule of Civil Procedure 26(a)(1), the following are Juan Manuel Flores'

First Supplemental Initial Disclosures and Expert Designation.

1.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

<u>The Parties & Their Representatives</u>

    a.    Juan Manuel Flores
           Cowen | Mask | Blanchard
           6243 IH-10 West
           Suite 801
           San Antonio, Texas 78201
           (210) 941-1301

           Plaintiff.

    b.    LG Chem, Ltd. and its managers, employees, and agents
           c/o Sean Higgins
           Lewis Brisbois Bisgaard &Smith, LLP
           24 Greenway Plaza
           Suite 1400
           Houston, TX 77046

           Party Defendant.

Plaintiff's Medical Providers

Each of the following identified medical providers has knowledge about the costs and course of Plaintiffs' past medical treatment, the reasonableness of past and future costs, and the pain and suffering Plaintiffs experienced in the past and will experience in the future. These persons may also have knowledge regarding Plaintiffs' past and future physical impairment. The custodians of records will testify as to the authenticity of medical and billing records relevant to this suit.

    c.    Valley Regional Medical Center
           Its Custodian of Records
           Juanita Garza
           Dustin Tauferner, DO
           Gilbert Flores
           Guillermo Delgado, RN
           Oscar E. Garcia, RN
           Maggie Macias, RN
           Dagoberto Cervantes, RN
           100A E. Alton Gloor Blvd.
           Brownsville, Texas 78526
           (956) 350-700

    d.    Brooke Army Medical Center /
           San Antonio Military Medical Center
           Its Custodian of Records
           Booker T. King, Col. NC
           Julie A. Rizzo
           Alisha Z. Jimani
           Terry A. Schroder
           Charlotte Gadonski
           3551 Roger Brooke Drive
           Fort Sam Houston, Texas 78234
           (210) 221-4825

**FIRST SUPPLEMENTAL RESPONSE:**

**Plaintiff's Retained Experts**

    e.    **Brad P. Avrit, P.E.**
           **Wexco International Corporation**
           **Construction Consulting, Management, Safety & Engineering**
           **4132 Del Rey Avenue**
           **Marina del Rey, California 90292**
           **(310) 306-3877**

           **Brad P. Avrit is a licensed civil engineer and a certified XL Tribometrist with 27 years of experience in accident reconstruction, building and construction accidents and defects, human factors, and safety engineering. He holds a Bachelor of Science in Civil Engineering from the University of California, Los Angeles.**

           **Mr. Avrit is expected to testify regarding: (1) his area of expertise; (2) the mechanism of how electronic cigarettes and lithium ion batteries operate; (3) the status and classification of electronic cigarettes under the federal Food and**

**Drug Administration; (4) the susceptibility and risks of lithium ion batteries to the hazard known as thermal runaway and how thermal runaway occurs; (5) safety features of a lithium ion battery and lack of safety features of the lithium ion battery that is the subject of this lawsuit; (6) his inspection and evaluation of the lithium ion battery that is the subject of this lawsuit; (7) the components of the electronic cigarette and its compatibility with the lithium ion batteries that are the subject of this lawsuit; (8) the inadequate warnings provided by LG Chem, Ltd. regarding its lithium ion batteries; (9) the cause of the thermal runaway that is the subject of this lawsuit;(10) the overall defects of the lithium ion battery that is the subject of this lawsuit; (11) the details, bases, and opinions set forth in his report attached hereto as Exhibit A; and, (12) any other opinions or matters that he may express during deposition or at trial or that may be supplemented as discovery continues in this case and in accordance with the Federal Rules of Civil Procedure.**

**Mr. Avrit may also be called to rebut the testimony of any experts or witnesses retained by Defendant. Deposition testimony has not been given in this case; however, in the event he is deposed, Plaintiff incorporates herein all impressions and opinions he may offer at that time, as well as any supplemental discovery responses pertaining to Mr. Avrit.**

**The general substance of Mr. Avrit's opinions may be found in his report attached hereto as Exhibit A. The qualifications of Mr. Avrit including a list of all publications authored by him are attached hereto as Exhibit B. Mr. Avrit's testifying history is attached hereto as Exhibit C. Mr. Avrit's fee schedule is attached hereto as Exhibit D. The amount paid to or charged by Mr. Avrit as of the day of this designation is $ 7,362.00.**

f. **Lila F. Laux, PhD**
**Human Factors Consulting**
**417 Leyden Street**
**Denver, Colorado 80220**
**(303) 388-4659**

**Dr. Laux is a human factors pyschologist and an expert in the field of human factors analysis of warnings and instructions. She holds a doctorate of philosophy and industrial psychology/human factors engineering and a bachelor of arts from Rice University, a master of science in applied psychology from the University of Southwest Louisiana, and a certification in assistive technology from California State University Northridge.**

**Dr. Laux is expected to testify regarding: (1) the Industrial Engineering and Human Factors product safety hierarchy; (2) the general operation of electronic cigarettes; (3) the hazards and risks associated with electronic cigarettes; (4) the lack of safety standards regarding the manufacture of electronic cigarettes; (5) the warnings and their inadequacies regarding the subject battery; (6) the standards set forth by the Food and Drug Administration and other federal agencies regarding the warnings, risks, and regulations of electronic cigarettes; (7) safety mechanisms for electronic cigarettes and lithium ion batteries; (8) the details, bases, and opinions set forth in her report attached hereto as Exhibit E; and, (9) any other opinions or matters that she may express during deposition or at trial or that may be supplemented as discovery continues in this case and in accordance with the Federal Rules of Civil Procedure.**

> **Dr. Laux may also be called to rebut the testimony of any experts or witnesses retained by Defendant. Deposition testimony has not been given in this case; however, in the event she is deposed, Plaintiff incorporates herein all impressions and opinions she may offer at that time, as well as any supplemental discovery responses pertaining to Dr. Laux.**
>
> **The general substance of Dr. Laux's opinions may be found in her report attached hereto as Exhibit E. The qualifications of Dr. Laux including a list of all publications authored by her are attached hereto as Exhibit F. Dr. Laux's testifying history is attached hereto as Exhibit G. Dr. Laux's fee schedule is attached hereto as Exhibit H. The amount paid to or charged by Dr. Laux as of the day of this designation is $ 7,362.00.**

**Other Witnesses**

> **g.** **Imelda Flores**
> **3452 Queensway Drive**
> **Brownsville, Texas 78526**
> **(956) 459-5324**
> **Plaintiff's wife who was present at the scene of the event and may have knowledge of Plaintiff's injuries and their effects.**
>
> h. **Rita Flores**
> **Address Unknown**
> **Phone Number Unknown**
> **Plaintiff's sister in law who was present at the scene of the event and may have knowledge of Plaintiff's injuries and their effects.**
>
> i. **Juan Manuel Flores, Jr.**
> **Address Unknown**
> **Phone Number Unknown**
> **Plaintiff's son who was present at the scene of the event and may have knowledge of Plaintiff's injuries and their effects.**

2. **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

   Plaintiff has produced the following:

   Photos of the subject battery
   Photos of companion batteries
   Photos of clothing Plaintiff wore when the incident occurred
   Photos of the charger Plaintiff used
   Photos of the vaporizer Plaintiff used
   Medical records from Valley Regional Medical Center
   Medical records from Brooke Army Medical Center

   In addition, Plaintiff will rely on his medical bills and records, documents produced and served in discovery, as well as all depositions taken in this case.

3.  **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

    Discovery is in its infancy, and Plaintiff is still in the process of gathering responsive information. Plaintiff will supplement with medical bills, expert reports, and other documentation of damages as discovery progresses. As of the date of this Disclosure, following are computations of Plaintiff's damages from the information available to Plaintiff at this time:

    a.  Past Medical Costs

        Valley Regional Medical Center                $251.40
        Brooke Army Medical Center                    $68,246.58

    b.  Future Medical Costs:

        These damages are not estimable as of the date of this response. These damages will be computed from information that may be obtained by deposing Plaintiff's treating health care providers, and from medical records that have been produced or will be produced in the future.

    c.  Lost earning capacity and lost wages in the past and future:

        These damages are not estimable as of the date of this response.

    d.  Past and future pain and suffering, disfigurement, mental anguish, loss of life span/premature death, loss of enjoyment of life, and physical impairment:

        These damages shall be calculated by the jury. Plaintiff shall rely on his own testimony, as well as the testimony of persons identified as having discoverable knowledge. Plaintiff shall also rely on all deposition transcripts, medical records and bills, and other documents produced in response to Defendants' discovery requests.

4.  **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

    None in Plaintiffs' possession.

Respectfully submitted,


/s/ Michael J. Blanchard
Federal ID 34400
Texas Bar No. 24036231
COWEN | MASK | BLANCHARD
62 E. Price Road
Brownsville, TX 78521
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been delivered, in the required manner, to all counsel of record in accordance with the Federal Rules of Rules of Civil Procedure on March 1, 2018:

Sean Higgins
Lewis Brisbois Bisgaard &Smith, LLP
24 Greenway Plaza
Suite 1400
Houston, TX 77046
Attorney for: LG Chem, Ltd.,
        LG Chem America, Inc.


        /s Michael J. Blanchard